# United States Court of Appeals
### For the Eighth Circuit

_____

No. 25-2863
_____

United States of America

*Plaintiff - Appellee*

v.

Boru Guye Wako, Jr.

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of South Dakota - Southern
_____

Submitted: March 19, 2026
Filed: July 20, 2026
_____

Before SHEPHERD, ERICKSON, and GRASZ, Circuit Judges.
_____

SHEPHERD, Circuit Judge.

After a jury trial, Boru Wako, Jr., was found guilty of one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and one count of illegal receipt of a firearm by a person under indictment, in violation of 18 U.S.C. § 922(n).  Prior to trial, Wako sought dismissal of both counts of the indictment on the basis that the charges violated his Second Amendment rights.  In one motion, which the district court denied, Wako lodged an as-applied challenge to § 922(g)(1).

In a separate motion, Wako raised a facial and as-applied challenge to § 922(n). The district court denied the facial challenge on the merits but determined that Wako's as-applied challenge to § 922(n) must be held in abeyance until after trial. After the jury returned a guilty verdict on both counts, the district court sentenced Wako to 84 months' imprisonment, followed by 3 years of supervised release. On appeal, Wako challenges the denials of his motions to dismiss the indictment, the district court's evidentiary ruling to exclude the affidavit of an alleged witness to the offense, the denial of his motion for judgment of acquittal based on the sufficiency of the evidence, and his sentence. Having jurisdiction under 28 U.S.C. § 1291, we reverse the district court's denial of the motion to dismiss Wako's as-applied challenge to the § 922(n) count and remand.

I.

Wako's offenses of conviction arise from an attempted traffic stop in Sioux Falls, South Dakota. When officers attempted to initiate a traffic stop of a vehicle that had been reported stolen, the vehicle sped away. Officers did not initiate a pursuit and instead remained in the area, where they eventually located the vehicle parked in an alley. The officers pulled up behind the vehicle and observed that the driver's door was open, with the driver, later identified as Wako, reaching toward a storage area in the door. When Wako saw the officers pull up behind him, he fled on foot, and the officers engaged in a pursuit. After the foot pursuit was unsuccessful, the officers returned to the vehicle, where they observed a handgun in the driver's side door of the vehicle and a machete sitting on the driver's seat. The firearm was later sent for DNA testing; Wako's DNA appeared on the barrel of the firearm. Wako was subsequently indicted on one count of being a felon in possession of a firearm and one count of illegal receipt of a firearm by a person under indictment.

As noted, before trial, Wako filed separate motions to dismiss both counts of the indictment; the district court denied both motions. First, as to the § 922(g)(1) count for being a felon in possession of a firearm, Wako asserted that he was not a

felon as defined under South Dakota law, so he was not subject to § 922(g)(1)'s firearm prohibition. The district court rejected this argument, concluding that a guilty verdict entered against Wako in 2022 for eluding was sufficient to put him within the purview of § 922(g)(1), even if he had not yet been sentenced. Second, as to the § 922(n) count for being an illegal recipient of a firearm as a person under indictment, Wako asserted that the statute is unconstitutional both facially and as applied to him. The district court rejected Wako's facial challenge, relying, in part, on this Court's decision in United States v. Jackson, where we explained that "legislatures traditionally employed status-based restrictions to disqualify categories of persons from possessing firearms," including those "who deviated from legal norms or persons who presented an unacceptable risk of dangerousness." 110 F.4th 1120, 1129 (8th Cir. 2024), cert. denied, 145 S. Ct. 2708 (2025). The district court concluded that "[t]hat rationale equally applies to § 922(n). Both provisions restrict individuals' access to firearms who have deviated from legal norms (in the view of a grand jury), and Congress enacted § 922(n) because, presumably, it believed that those under felony indictment present an unacceptable risk of dangerousness." As to Wako's as-applied challenge, the district court held the challenge in abeyance until after trial because of the undeveloped factual record. The district court explained that "[b]ecause Wako's assertion will require an inquiry into the 'facts surrounding the commission of the alleged offense,' the court should not rule on Wako's as-applied challenge without a 'trial on the merits.'"

Wako also filed a motion in limine seeking to introduce at trial an affidavit from an alleged witness to the offense conduct, who would provide information exonerating Wako by claiming that he was the driver of the vehicle and that the recovered firearm belonged to an individual other than Wako. Wako asserted that the affidavit was admissible under Rule 804(b)(3) of the Federal Rules of Evidence as a statement against interest, or under Rule 807, the residual hearsay exception. The district court denied the motion, concluding that the witness's statement was not so contrary to his propriety or pecuniary interest that it qualified as a statement against interest and that, under the totality of the circumstances, it did not meet the credibility requirements. The case then proceeded to a two-day jury trial. At the

close of the Government's case, Wako moved for judgment of acquittal based on the insufficiency of the evidence. The district court denied the motion, concluding that there was sufficient evidence to support the verdict, and that any questions were fact questions for the jury to resolve. Wako renewed his motion for judgment of acquittal at the close of all the evidence, but the district court again denied it. The jury then returned a guilty verdict on both counts. Despite the district court's decision to hold Wako's § 922(n) challenge in abeyance until after trial, it did not return to this inquiry post-trial.

At sentencing, Wako sought a downward departure or variance, while the Government sought an upward departure or variance. The district court departed upward based on the underrepresentation of Wako's criminal history, resulting in an adjusted United States Sentencing Guidelines range of 57 to 71 months' imprisonment. The district court then varied upward and imposed a term of 84 months' imprisonment, followed by 3 years of supervised release. This appeal follows, with Wako challenging the district court's denial of his motions to dismiss the indictment, the district court's evidentiary ruling regarding the affidavit of a purported witness, and the denial of his motion for judgment of acquittal. Wako also asserts that the district court procedurally erred in sentencing him and that his sentence is substantively unreasonable.

II.

Wako first challenges the district court's denial of his motion to dismiss the indictment. He asserts, as to the § 922(g)(1) count, the district court erred in its analysis because it did not provide any assessment of the holdings of New York State Rifle & Pistol Ass'n, Inc. v. Bruen, 597 U.S. 1 (2022), or United States v. Rahimi, 602 U.S. 680 (2024), and failed to assess whether the Government carried its burden. Further, Wako asserts that the district court erred by deferring its ruling on the as-applied challenge to § 922(n) until the record was more developed because it never returned to resolve the inquiry. Wako also contends that, in any case, the facts adduced at trial were insufficient to demonstrate that Wako's dangerousness

-4-

warranted depriving him of his Second Amendment rights under § 922(n). "We review the denial of a motion to dismiss an indictment *de novo*." United States v. Wilson, 939 F.3d 929, 931 (8th Cir. 2019).

First, the district court did not err in denying Wako's motion to dismiss the § 922(g)(1) count. While Wako acknowledges that "this Court has described its precedent as 'cutting off as-applied challenges' to § 922(g)(1)," he nevertheless asserts that the district court erred in its analysis of his as-applied challenge because "it did not assess whether the government carried its burden of demonstrating that Mr. Wako's conduct confirm[ed that] disarming him under § 922(g)(1) is consistent with the Nation's historical tradition of firearm regulation." According to Wako, the district court failed to cite Bruen or Rahimi, and "[t]hose U.S. Supreme Court cases and [the] law of this Court mandate further inquiry." But this Court has made clear that Bruen and Rahimi have not altered the landscape such that we require a felony-by-felony approach when considering § 922(g)(1) constitutional challenges:

> The Supreme Court has said that nothing in District of Columbia v. Heller, 554 U.S. 570 (2008), which recognized an individual right to keep and bear arms, "should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons." The decision in Bruen, which reaffirmed that the right is "subject to certain reasonable, well-defined restrictions," did not disturb those statements or cast doubt on the prohibitions. Neither did the decision in Rahimi. Given these assurances by the Supreme Court, and the history that supports them, we conclude that there is no need for felony-by-felony litigation regarding the constitutionality of § 922(g)(1).

Jackson, 110 F.4th at 1125 (citations omitted). The district court thus did not err by failing to conduct an individualized analysis under Bruen or Rahimi before denying Wako's motion to dismiss the § 922(g)(1) count.

However, the district court erred in denying the motion to dismiss the § 922(n) count because it failed to revisit the motion after trial. In its order denying Wako's motion to dismiss the § 922(n) count, the district court expressly held the as-applied

-5-

challenge in abeyance because of the existence of factual issues that could be resolved only at trial. In United States v. Baxter, 127 F.4th 1087, 1090-91 (8th Cir.) cert. denied, 146 S. Ct. 294 (2025), we discussed a district court's obligations with respect to factual issues presented in the context of pretrial motion challenging the constitutionality of a § 922 offense. There, we stated:

> Pretrial motions, like [a defendant's] motion to dismiss, are governed by Federal Rule of Criminal Procedure 12. Under this rule, "[a] party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." As the Supreme Court has explained, this rule means that a court may rule on a pretrial motion "if trial of the facts surrounding the commission of the alleged offense would be of no assistance in determining the validity of the defense." However, the mere existence of factual issues in a pretrial motion does not preclude a pretrial ruling on the motion. Rather, the rule specifically "contemplates that district courts may sometimes make factual findings when ruling on pretrial motions and requires that the court 'state its essential findings on the record.'" Thus, Rule 12 allows district courts to make some factual findings so long as it states them on the record, but not when an issue is "inevitably bound up with evidence about the alleged offense itself."

Id. at 1091 (second alteration in original) (citations omitted). Here, the district court appropriately held the as-applied challenge in abeyance due to the factual issues surrounding the commission of the offense, as these inquiries are reserved for the jury. See United States v. Turner, 842 F.3d 602, 605 (8th Cir. 2016) ("Good cause exists and a decision should be deferred if disposing of the pretrial motion requires making factual determinations that 'fall[ ] within the province of the ultimate finder of fact.'" (alteration in original) (citation omitted)). While the district court did not err in holding the challenge in abeyance pending factual development at trial, it erred when it did not return to complete the inquiry post-trial. And without the benefit of the district court's analysis of Wako's as-applied challenge post-trial, "[t]his 'underdeveloped record we have . . . simply leaves us with too much "guesswork"' for appellate review. Thus, we remand this case to the district court for the factual findings required under Rule 12(d)." Baxter, 127 F.4th at 1091 (citation omitted).

Because we reverse the district court's denial of the motion to dismiss the indictment, we do not reach Wako's challenges to evidentiary rulings, the sufficiency of the evidence, and his sentence.

## III.

For the foregoing reasons, we reverse the denial of Wako's motion to dismiss the § 922(n) count based on his as-applied challenge and remand for proceedings consistent with this opinion.

_____